UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>V.<br><br>FABIAN ZAVALA-ROMERO,<br>  Defendants. | CRIMINAL NO. 5:19-40-KKC<br><br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on the defendant's motion for compassionate release. (DE 137.) For the reasons stated below, the motion is **DENIED**.

The defendant pleaded guilty to conspiracy to distribute 100 kilograms or more of marijuana. (DE 68.) He was sentenced to 68-months imprisonment and 4 years of supervised release. (DE 110.)

Defendant has filed a motion for compassionate release. (DE 137.) He asserts that he requested compassionate release with the warden at his facility over sixty days ago. Defendant states that the risk of contracting the coronavirus in prison is extremely high and quarantining is not possible. He further asserts that his concerns are exacerbated because coronavirus is present in his facility. Defendant cites his limited criminal history and states that he poses no risk to public safety because he is subject to deportation.

The Court ordered the government to respond to the defendant's motion. (DE 138.) The government asserts that the defendant's motion should be denied on the merits. (DE 140.)

1

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the motion was filed by the director of the Bureau of Prisons (BOP). See 18 U.S.C. § 3582(c)(1)(A) (2017). If the defendant himself filed such a motion, the court could not grant it. The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. This is because the statute says that a "court may not" grant compassionate release unless the defendant files his motion after one of the two events has occurred. *Id*. Further, the Sixth Circuit ruled that this Court cannot find exceptions to the mandatory condition. *Id*. at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.")

In the present case, the parties agree that the defendant has met one of the mandatory conditions to court relief. Accordingly, the Court considers the defendant's motion on the merits.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and also "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of § 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons

2

warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to § 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence. One of these is the medical condition of the defendant. However, the defendant must be suffering from a "terminal illness" or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. The statement defines terminal illness as a "serious and advanced illness with an end of life trajectory … Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant does not assert that he has any such illness. Nor does he assert that he has any impairment that has diminished his ability to provide self-care within the prison environment. Instead, Defendant appears to assert that other reasons support his release. (DE 137.)

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute extraordinary and compelling reasons to modify a sentence. Such reasons, however, are to be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1(A)-(D). Thus, this Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement.

The Sentencing Guidelines have not been amended since the passage of the First Step Act. For this reason, some courts have determined that the policy statement is inapplicable,

at least to the extent that it provides that only the BOP director can find "other reasons" justifying a sentence reduction. *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *3 (D. Utah Feb. 18, 2020) (citing cases). These courts have concluded that finding the BOP still has sole authority to determine whether "other reasons" justify a reduction is inconsistent with the First Step Act, "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when BOP finds they are not appropriate." *Id*. at *2 (D. Utah Feb. 18, 2020) (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019)).

The Court finds more persuasive the analysis in *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019). There, the court noted that, by its plain language, § 3582(c)(1)(A), even after amendment by the First Step Act, requires that any sentence reduction by a court be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Further, finding that the BOP still has sole authority to determine the "other reasons" that justify a sentence reduction is not inconsistent with the First Step Act's goal of increasing the use of compassionate release. The Act achieves this goal simply by granting defendants the ability to move for compassionate release on their own. This change alone "ensures that a greater volume of [compassionate release] motions (not just those BOP agrees are meritorious) will be presented to the courts." *Id*. Many defendants' motions for compassionate release will invoke the specific provisions of the policy statement rather than the catchall provision. *Id*. "There is thus no tension between a legislative purpose to 'increase[e] the use' of compassionate release and a policy statement providing for BOP to make the determination as to one kind (out of five) of extraordinary and compelling reasons for such release." *Id*.

Congress has specifically directed that the Sentencing Commission, not the courts, promulgate "general policy statements regarding … the sentencing modification provisions" in § 3582(c). 28 U.S.C. § 994(a)(2)(C). Further, Congress has specifically directed that, in the policy statement for § 3582(c)(1)(A), it is the Commission that "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* § 994(a)(2)(t). The Court agrees with the conclusion in *Lynn* that, "[i]f the policy statement needs tweaking in light of [the First Step Act], that tweaking must be accomplished by the Commission, not by the courts." *Id.* at 4. "The Commission may well decide that, since BOP is no longer the gatekeeper regarding the filing of motions for compassionate release, neither should it be the gatekeeper regarding the residual category of extraordinary and compelling reasons for compassionate release" *Id.* "Until that day, however, the Court must follow the policy statement as it stands." *Id.*

The Court recognizes that these are unsettling times for prisoners. The Court, however, has no authority at this point to grant the defendant compassionate release.

For all these reasons, the Court **HEREBY ORDERS** that the defendant's motion for compassionate release (DE 137) is **DENIED** without prejudice. If circumstances should change in a way that would permit the Court to find "extraordinary and compelling" reasons for reducing his sentence, he may file another motion.

Dated July 27, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

5